# No. 13-90032

## *In the United States Court of Appeals For the Fifth Circuit*

VANTAGE DRILLING COMPANY

*Petitioner,*

V.

HSIN-CHI-SU, AKA NOBU SU

*Respondent.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION
Civil Action 4-12-CV-03131

## PETITION FOR PERMISSION TO APPEAL DENIAL OF REMAND

ROBIN C. GIBBS
DAVID SHEEREN
**GIBBS & BRUNS, LLP**
1100 LOUISIANA, STE. 5300
HOUSTON, TEXAS 77002
(713)650-8805

VIDAL MARTINEZ
**MARTINEZ PARTNERS, LLP**
ONE RIVERWAY, STE. 1700
HOUSTON, TEXAS 77056
(713)300-3850

RICHARD W. MITHOFF
SHERIE P. BECKMAN
WARNER V. HOCKER
**MITHOFF LAW FIRM**
500 DALLAS STREET
ONE ALLEN CENTER, STE. 3450
HOUSTON, TEXAS 77002
(713)654-1122

JULIAN J. FERTITTA, III
**GRIMES & FERTITTA, P.C.**
440 LOUISIANA, STE. 1818
HOUSTON, TEXAS 77002
(713)224-7644

*Counsel for Petitioner Vantage Drilling Company*

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PERSONS ....................................................vi

INTRODUCTION ................................................................................ 1

QUESTION PRESENTED FOR APPEAL.................................................3

RELIEF SOUGHT..............................................................................3

FACTS   NECESSARY   TO   UNDERSTAND   THE   QUESTION
  PRESENTED.................................................................................3

ARGUMENT AND AUTHORITY..........................................................4

I.   **THERE ARE COMPELLING REASONS TO PERMIT THIS INTERLOCUTORY APPEAL** .................................................5

  A.   Doubts Regarding Removal Jurisdiction Should Be Resolved Against Federal Jurisdiction................................................5

  B.   Vantage Is Considered a Dual Citizen of the Cayman Islands and Texas for Jurisdictional Purposes.................................5

  C.   Where Aliens Are on Both Sides of a Litigation, There Is No Diversity Jurisdiction .........................................................7

  D.   Complete Diversity Is Required Under Section 1332(a)(2) ..............7

  E.   Complete Diversity Requires Each of Vantage's Citizenships to Be Diverse from Each of Su's Citizenships.........................9

  F.   Vantage's Business Operations in Texas Do Not Render It "Fully Texan" for Jurisdictional Purposes........................11

II.   **THIS APPEAL IS APPROPRIATE UNDER 28 U.S.C. § 1292(B)** .....13

  A.   This Is a Controlling Question of Law.............................................13

  B.   There Is Substantial Ground for Difference of Opinion ..................15

  C.   An Immediate Appeal Could Materially Advance the Ultimate Termination of the Litigation .........................................17

i

CONCLUSION..................................................................................18

CERTIFICATE OF SERVICE..........................................................20

CERTIFICATE OF COMPLIANCE..................................................21

# TABLE OF AUTHORITIES

**Cases**

*Acuna v. Brown & Root Inc.*,
   200 F.3d 335 (5th Cir. 2000).................................................................5

*Aparicio v. Swan Lake*,
   643 F.2d 1109 (5th Cir. 1981)...........................................................13

*Ard v. Transcon. Gas Pipe Line Corp.*,
   138 F.3d 596 (5th Cir. 1998)..............................................................14

*Canion v. Evans*,
   196 F.3d 579 (5th Cir. 1999)................................................................4

*Carden v. Arkoma Assocs.*,
   494 U.S. 185 (1990)..............................................................................9

*Chick Kam Choo v. Exxon Corp.*,
   764 F.2d 1148 (5th Cir. 1985)...........................................2, 4, 9, 13, 15

*Corporacion Venezolana de Fominto v. Vintero Sales Corp.*,
   629 F.2d 786 (2d Cir. 1980).................................................................7

*Coury v. Prot*,
   85 F.3d 244 (5th Cir. 1996).........................................................12, 16

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*,
   545 U.S. 546 (2005)..............................................................................9

*Giannakos v. M/V Bravo Trader*,
   762 F.2d 1295 (5th Cir. 1985)..............................................................7

*H&D Tire & Automotive-Hardware, Inc. v. Pitney*,
   227 F.3d 326 (5th Cir. 2000)..............................................................15

*Hertz Corp. v. Friend*,
   559 U.S. 77, 130 S. Ct. 1181 (2010) .................................................12

*Howery v. Allstate Ins. Co.*,
   243 F.3d 912 (5th Cir. 2001)..............................................................16

iii

*Jerguson v. Blue Dot Inv., Inc.*,
   659 F.2d 31 (5th Cir. 1981) ................................................................12

*Louisiana v. Union Oil Co.*,
   458 F.3d 364 (5th Cir. 2006) .............................................................14

*Mas v. Perry*,
   489 F.2d 1396 (5th Cir. 1974) .............................................................9

*Meredith v. La. Fed. of Teachers*,
   209 F.3d 398 (5th Cir. 2000) .............................................................13

*Nat'l Steamship Co. v. Tugman*,
   106 U.S. 118 (1882) .........................................................................12

*Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*,
   20 F.3d 987 (9th Cir. 1994) ...............................................................17

*Owen Equip. & Erection Co. v. Kroger*,
   437 U.S. 365 (1978) ...........................................................................9

*Panalpina Welttransport GmBh v. Geosource, Inc.*,
   764 F.2d 352 (5th Cir. 1985) .............................................6, 9, 10, 12

*Peninsula Asset Mgmt. (Cayman) Ltd. v. Hankook Tire Co., Ltd.*,
   509 F.3d 271 (6th Cir. 2007) .............................................................17

*Rico v. Flores*,
   481 F.3d 234 (5th Cir. 2007) .............................................................14

*St. Paul Reinsurance Co. v. Greenberg*,
   134 F.3d 1250 (5th Cir. 1998) .............................................................5

*Stiftung v. Plains Mktg, L.P.*,
   603 F.3d 295 (5th Cir. 2010) ...............................................................9

*Strawbridge v. Curtiss*,
   7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806) ........................................9

*Universal Licensing Corp. v. Paola del Lungo S.p.A.*,
   293 F.3d 579 (2d Cir. 2002) ..............................................................17

*Westfall v. Bevan*,
   No. 3:08-CV-0996-D, 2009 WL 111577 (N.D. Tex. Jan. 15, 2009) ......5

*Whalen v. Carter,*
    954 F.2d 1087 (5th Cir. 1992)...................................................................9, 11

**Statutes**

28 U.S.C. § 1292(b) ..........................................................................2, 13, 14

28 U.S.C. § 1332(c) ............................................ 1, 2, 3, 6, 7, 8, 11, 13

28 U.S.C. § 1441(a) ...............................................................................15

**Treatises**

Charles Alan Wright, Arthur R. Miller & Edward H. Cooper,
    Federal Practice and Procedure § 3623 .......................................12

Charles Alan Wright, Arthur R. Miller & Edward H. Cooper,
    Federal Practice and Procedure § 3740 .......................................14

**Regulations**

The Federal Courts Jurisdiction and Venue Clarification Act of 2011,
    Pub. L. 112–63, § 105, 125 Stat. 758, 758-59 (2011)...........................6

## CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| *Petitioner-Plaintiff* | *Counsel for Petitioner* |
|---|---|
| Vantage Drilling Company | Robin C. Gibbs<br>David Sheeren<br>**GIBBS & BRUNS, LLP**<br><br>Vidal G. Martinez<br>**MARTINEZ PARTNERS LLP**<br><br>Julian J. Fertitta, III<br>**GRIMES & FERTITTA, P.C.**<br><br>Richard W. Mithoff<br>Sherie P. Beckman<br>Warner V. Hocker<br>**MITHOFF LAW FIRM** |
| *Respondents-Defendants* | *Counsel for Respondents* |
| Hsin Chi-Su (aka Nobu Su) | Mark D. Manela<br>Jessica Crutcher<br>Quinncy McNeal<br>**MAYER BROWN, LLP**<br><br>Jeffrey L. Oldham<br>**BRACEWELL & GIULIANI** |

Robin C. Gibbs
Counsel of Record for Petitioner

## INTRODUCTION

On April 15, 2013, Petitioner-Plaintiff Vantage petitioned the Fifth Circuit for permission to appeal the denial of remand pursuant to 28 U.S.C. § 1292(b). On April 25, 2013, Respondent-Defendant Su filed an Answer to Vantage's permission to appeal, in which Su stated that he did "not oppose" Vantage's request for permission to appeal the district court's denial of the motion to remand.

On May 20, 2013, the Fifth Circuit held that the district court's certification of the interlocutory appeal did "not provide the information or findings contemplated by § 1292(b)" and, therefore, denied Vantage permission to appeal the court's denial of remand. *See* App. B.

On May 22, 2013, the district court issued an Amended Order Certifying Interlocutory Appeal. *See* App. C. The Amended Order complies with 28 U.S.C. § 1292(b) and this Court's holding. Therefore, Petitioner-Plaintiff Vantage respectfully requests that the Court accept this interlocutory appeal under 28 U.S.C. § 1292(b).

This interlocutory appeal of the district court's denial of Petitioner-Plaintiff's motion to remand would resolve whether the district court has subject matter jurisdiction over this case. Specifically, the issue is whether diversity jurisdiction under 28 U.S.C. § 1332(a)(2) exists in a suit between an alien corporation with its principal place of business in Texas, on the one hand, and an

1

individual alien, on the other. In *Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148 (5th Cir. 1985), this Court squarely held that it does not. In *Choo*, this Court explained that "[f]or the purposes of section 1332(a)(2), complete diversity is required" and that 28 U.S.C. § 1332(c) treats a corporation as a ***dual citizen*** of its principal place of business and place of its incorporation. *Id.* at 1151-52. Thus, this Court held that complete diversity is lacking "because an action cannot be maintained between an alien and another alien under section 1332." *Id.* at 1151. Every circuit court of appeals that has considered this question has reached the same result.

In contrast, the district court (Hughes, J.) reasoned, without citing *Choo* or other controlling Fifth Circuit precedent, that section 1332(a)(2) "does not mandate complete diversity" and that a corporation may not "rel[y] on its foreign charter to avoid a national court despite the predominant reality of its existence." App. A (Op. on Remand) ¶ 8. The court explained that the "predominant reality of [a corporation's] existence" is its "physical presence," not its place of incorporation, which the court labeled a "fiction." *Id.* ¶¶ 3, 8. The district court certified an interlocutory appeal of its denial of Petitioner-Plaintiff's motion to remand, *see* App. C, and Petitioner-Plaintiff Vantage Drilling Company now asks the Court to grant permission for this interlocutory appeal under 28 U.S.C. § 1292(b).

## QUESTION PRESENTED FOR APPEAL

Whether diversity jurisdiction under 28 U.S.C. § 1332(a)(2) may be invoked in a suit between an alien corporation with its principal place of business in Texas, on the one hand, and an individual alien, on the other.

## RELIEF SOUGHT

Petitioner requests that this Court grant its petition to appeal, reverse the district court, and remand this proceeding to state court.

## FACTS NECESSARY TO UNDERSTAND THE QUESTION PRESENTED

On August 21, 2012, Vantage Drilling Company ("Vantage") brought this action against Hsin-Chi-Su (a.k.a. Nobu Su) ("Su") in the 295th Judicial District of Harris County, Cause No. 2012-47755. Su was served with the pleading and citation on September 26, 2012. Vantage is an offshore drilling company that contracts a fleet of jackup rigs and deepwater drillships to operators around the world. *See* Dkt. No. 1-3 ¶ 5. Vantage is incorporated under the laws of the Cayman Islands, and its principal place of business is Texas. *See id.* ¶ 2. Su is a citizen of Taipei, Taiwan. *See id.* ¶ 3. From June 12, 2008 through April 14, 2011, Su was a director of Vantage. *See id.* ¶ 5. In the suit, Vantage asserts exclusively state law causes of action against Su, including breach of fiduciary duty, fraud, fraud in the inducement, negligent misrepresentation, and unjust enrichment. *See id.* ¶¶ 60-68. Among other relief, Vantage seeks to impose a constructive trust on

3

100,262,643 shares of Vantage stock held by Su, which had a market value of approximately $166 million as of April 5, 2013. *See id.* ¶ 6 & Prayer.

On October 22, 2012, Su removed the case to federal court. *See* Dkt. No. 1 (Notice of Removal). The sole basis for removal was "complete diversity" among the parties. *See id.* ¶ 3. On November 12, 2012, Vantage moved to remand, arguing among other things that, given Vantage's Cayman Islands incorporation and Su's Taiwanese citizenship, there are aliens on both sides of the litigation, and thus, the requirement of complete diversity is not met. *See* Dkt. No. 6.

## ARGUMENT AND AUTHORITY

This interlocutory appeal will determine whether *Chick Kam Choo v. Exxon Corp.*, 764 F.2d 1148 (5th Cir. 1985) and the numerous Fifth Circuit and U.S. Supreme Court precedents on which it relied are still good law in the Fifth Circuit. A resolution of that simple question will avoid the need for expensive and lengthy litigation of a complex case in a court that plainly lacks subject matter jurisdiction. At the end of such an exercise, the losing party would inevitably appeal the subject matter jurisdiction question to this Court.[1]  Therefore, in this case—with hundreds

---

[1] Indeed, although Su removed the case to federal court, if a judgment is ultimately entered against him, he may later contest the district court's subject matter jurisdiction, because "[i]t is well settled . . . that the subject matter jurisdiction of a federal court can be challenged at any stage of the litigation (including for the first time on appeal), even by the party who first invoked it." *Canion v. Evans*, 196 F.3d 579, 586 (5th Cir. 1999).

of millions of dollars at stake—it would be vastly more efficient for the parties and the courts to resolve this question now, not later.

## I. THERE ARE COMPELLING REASONS TO PERMIT THIS INTERLOCUTORY APPEAL

### A. Doubts Regarding Removal Jurisdiction Should Be Resolved Against Federal Jurisdiction

Su, as the party removing this case, carries the "burden of overcoming an initial presumption against jurisdiction and establishing that removal is proper." *Westfall v. Bevan*, No. 3:08-CV-0996-D, 2009 WL 111577, at *2 (N.D. Tex. Jan. 15, 2009); *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it."). Because the removal statute implicates federalism concerns and should be strictly construed, "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

### B. Vantage Is Considered a Dual Citizen of the Cayman Islands and Texas for Jurisdictional Purposes

Below, Su conceded, and the district court appeared to acknowledge, that Vantage is a dual citizen of the Cayman Islands and Texas for purposes of diversity jurisdiction. *Compare* Dkt. No. 1 (Notice of Removal) ¶ 3 ("[F]or jurisdictional purposes, [Vantage] is a citizen both of the Cayman Islands and Texas."), *with* App. A (Op. on Remand) ¶ 2 ("[L]ike people, a corporation may

5

have dual citizenship – one derived from its principal operations and another from its charter." (citing 28 U.S.C. 1332(c)(1)).

Su's concession was required by the plain language of section 1332(c), which states that "[f]or the purposes of this section and section 1441 of this title – (1) a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c) (emphasis added).[2]

The statute could not be clearer: In a diversity analysis, corporations are "dual citizens" of their place of incorporation and their principal place of business. *Accord Choo*, 764 F.2d at 1152 ("The [diversity jurisdiction statute] treats a corporation as a citizen of the state where it has its principal place of business as well as the state of incorporation[.]"). As this Court has explained, this rule is designed to *narrow*, not expand, diversity jurisdiction. *See Panalpina Welttransport GmBh v. Geosource, Inc.*, 764 F.2d 352, 354 (5th Cir. 1985) ("Through multiple places of incorporation, principal place of business, and alter ego or consolidation doctrines, a corporation may become the citizen *of several*

---

[2] An older version of section 1332(c)(1) stated: "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has a principal place of business[.]" The Federal Courts Jurisdiction and Venue Clarification Act of 2011 amended section 1332(c)(1) to state "a corporation shall be deemed to be a citizen of every State *and foreign state* by which it has been incorporated and of the State *or foreign state* where it has its principal place of business." Pub. L. 112–63, § 105, 125 Stat. 758, 758-59 (2011) (emphasis added). Thus, there is no question that this provision applies to corporations incorporated in foreign countries.

*places for purposes of diversity jurisdiction.* Such a result is in keeping with Congress' intendment to *constrict* the availability of diversity jurisdiction." (emphasis added)).

### C.    Where Aliens Are on Both Sides of a Litigation, There Is No Diversity Jurisdiction

Similarly, Su conceded, and the district court appeared to acknowledge, that the presence of aliens on both sides of litigation destroys diversity. *Compare* Dkt. No. 8 (Su's Am. Resp. to Mot. to Remand) at 1 ("Su . . . concedes that in most cases the presence of an alien party on both sides of the case defeats subject matter jurisdiction under 28 U.S.C. § 1332."), *with* App. A (Op. on Remand) ¶ 1 ("Courts have often remanded these cases when both sides reside out of the forum.").

That concession was also required by well-established law in the Fifth Circuit and elsewhere. In *Giannakos v. M/V Bravo Trader*, for example, this Court clearly held that "[d]iversity does not exist where aliens are on both sides of the litigation." 762 F.2d 1295, 1298 (5th Cir. 1985) (per curiam) (citing *Corporacion Venezolana de Fominto v. Vintero Sales Corp.*, 629 F.2d 786, 790 (2d Cir. 1980)).

### D.    Complete Diversity Is Required Under Section 1332(a)(2)

The only remaining legal question, then, is whether section 1332(a)(2) requires diversity of citizenship between *each* of Vantage's citizenships (Cayman Islands and Texas) and Su's sole citizenship (Taiwan). In other words, does diversity have to be *complete*? As Fifth Circuit and U.S. Supreme Court

7

precedents explain, it does. Even Su acknowledged the requirement in his removal papers, in which he alleged "*complete* diversity among the parties." *See* Dkt. No. 1 (Notice of Removal) ¶ 4 (emphasis added). Therefore, given the general rule that diversity jurisdiction does not exist between aliens, the combination of Vantage's Cayman Islands citizenship and Su's Taiwanese citizenship destroys *complete* diversity in this case.

The district court, however, without citing the controlling authorities, held that section 1332(a)(2) "does not mandate complete diversity" and, therefore, found sufficient diversity of citizenship between Vantage's Texan citizenship and Su's Taiwanese citizenship. App. A (Op. on Remand) ¶ 7. This holding is clearly erroneous.

The diversity statute states that federal subject matter jurisdiction exists in suits between "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a)(2). And the U.S. Supreme Court has repeatedly held that this provision requires complete diversity:

> [Section 1332(a)] and its predecessors have consistently been held to require *complete* diversity of citizenship. That is, diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff. Over the years Congress has repeatedly re-enacted or amended the statute conferring diversity jurisdiction, leaving intact this rule of complete diversity. Whatever may have been the original purposes of diversity-of-citizenship jurisdiction, this subsequent history clearly demonstrates a *congressional mandate that diversity jurisdiction is not to be*

8

> *available when any plaintiff is a citizen of the same State as any*
> *defendant.*

*Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis added & footnotes omitted); *see also, e.g., Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553-54 (2005); *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990).[3]

### E. Complete Diversity Requires Each of Vantage's Citizenships to Be Diverse from Each of Su's Citizenships

Likewise, it is well settled in the Fifth Circuit and elsewhere that, where parties have multiple citizenships—as corporations do—the test for complete diversity is whether each citizenship of the multiple-citizen party and each citizenship of the adverse party are diverse. In other words, if *any* of a party's multiple citizenships are shared in common with *any* citizenship of an adverse party, complete diversity is destroyed. For example, in *Choo*, Singaporean citizens filed suit in state court against a company incorporated in Liberia but with business in New Jersey. *See* 764 F.2d at 1150-51. The dual-citizen corporation removed the case on diversity grounds, but the Fifth Circuit held that the combination of the plaintiff's Singaporean citizenship and the defendant corporation's Liberian

---

[3] *See also, e.g., Choo*, 764 F.2d at 1151 ("For the purposes of Section 1332(a)(2) *complete* diversity is required." (emphasis added)); *Panalpina*, 764 F.2d at 354; *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992); *Stiftung v. Plains Mktg., L.P.*, 603 F.3d 295, 297 (5th Cir. 2010); *Mas v. Perry*, 489 F.2d 1396, 1398-99 (5th Cir. 1974) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806)), *cert. denied*, 419 U.S. 842 (1975).

citizenship (its place of incorporation) destroyed complete diversity, notwithstanding the defendant corporation's New Jersey citizenship (its principal place of business). *Id.* at 1153.

Similarly, in *Panalpina*, the two plaintiff corporations, Panalpina and SGS, were incorporated and had their principal places of business in Germany. *See* 764 F.2d at 354. That is, they were "purely" foreign. *Id.* On the other side of the case were two corporations: Geosource and its subsidiary Ucamar. *See id.* Geosource was incorporated in and had its principal place of business in Texas. *See id.* Like Vantage, however, Ucamar did business in Texas but was incorporated in the Cayman Islands. *See id.* The "purely" foreign plaintiffs sought to invoke diversity jurisdiction and "urged the district court to ignore Ucamar's [Cayman] incorporation in order to preserve diversity jurisdiction." *Id.*

This Court, however, refused to "ignore" Ucamar's Cayman incorporation in its diversity analysis and held that the Cayman incorporation of Ucamar destroyed complete diversity, even though it did business in Texas. *See id.* at 355. The Court explained that the parties cannot "pick and choose among the places of citizenship ignoring one or more in an effort to preserve diversity jurisdiction," which "would be contrary to the historical intent of Congress" to "***constrict*** the availability of diversity jurisdiction." *Id.* (emphasis added).

Finally, in *Whalen v. Carter*, the plaintiff was an individual citizen of Louisiana, and one of the defendants was a limited partnership. *See* 954 F.2d 1087, 1095 (5th Cir. 1992). This Court held that because, "for diversity purposes, a limited partnership is a citizen of each state in which its partners—both general and limited—hold citizenship," the Louisiana citizenship of one of the limited partners destroyed complete diversity. *Id.*

### F.    Vantage's Business Operations in Texas Do Not Render It "Fully Texan" for Jurisdictional Purposes

In rejecting the requirement of complete diversity under section 1332(a)(2), the district court below reasoned that Vantage's physical presence rendered it "fully Texan" and that its Cayman incorporation was "dormant"—even a "fiction." *See* App. A (Op. on Remand) ¶¶ 4, 8. Thus, the district court held that Vantage could not "rel[y] on its foreign charter to avoid a national court despite the predominant reality of its existence." *Id.* ¶ 8.

Congress has already spoken on this question, however, so any such policy analysis is unnecessary: Under section 1332(c), a corporation is deemed a citizen of "every State and foreign state by which it has been incorporated *and* of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c) (emphasis added). Not only is the district court's reasoning inconsistent with this clear statute, it is also contrary to this Court's mandate not to "ignore" a

11

corporation's foreign citizenship in a diversity analysis. *See Panalpina*, 764 F.2d at 355.

Furthermore, the district court's elevation of a corporation's place of business over its place of incorporation disregards centuries of U.S. Supreme Court precedent that—far from treating a corporation's place of business as a "fiction"— has treated all corporations, foreign or domestic, as citizens of their place of incorporation for jurisdictional purposes. *See Hertz Corp. v. Friend*, 559 U.S. 77, 130 S. Ct. 1181, 1188 (2010); *Nat'l Steamship Co. v. Tugman*, 106 U.S. 118, 120 (1882); *Jerguson v. Blue Dot Inv., Inc.*, 659 F.2d 31, 32 (5th Cir. 1981), *cert. denied*, 456 U.S. 946 (1981); *see also* CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3623, at 1–7 (3d ed. 2009). Indeed, although the 1958 amendments to the diversity jurisdiction statute discussed by the district court ***added*** a corporation's place of business as a place of citizenship, those amendments did not ***take away*** the long-standing rule that corporations are deemed citizens of their place of incorporation. *See Jerguson*, 659 F.2d at 32.

Similarly, the district court's analogy to dual citizen ***humans*** was simply wrong here. Specifically, the district court cited *Coury v. Prot*, in which this Court held that a dual national citizen may not invoke diversity jurisdiction by claiming only his foreign citizenship. *See* 85 F.3d 244, 250 (5th Cir. 1996). This Court

12

recognized, however, "an emerging consensus among courts that, for a dual national citizen human, only the American citizenship is relevant for purposes of diversity under 28 U.S.C. § 1332." *Id.* With respect to dual-citizen corporations, in contrast, there is much more than an "emerging consensus" that courts are required to consider each citizenship in a diversity analysis: Section 1332(c) and this Court's holding in *Choo* require it.

## II.    THIS APPEAL IS APPROPRIATE UNDER 28 U.S.C. § 1292(B)

An interlocutory appeal under 28 U.S.C. § 1292(b) has three prerequisites: "(1) the order involves a controlling question of law in the case (2) as to which there is substantial ground for difference of opinion and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Aparicio v. Swan Lake*, 643 F.2d 1109, 1111 n.2 (5th Cir. 1981) (citing 28 U.S.C. § 1292(b)). In permitting this interlocutory appeal, the district court certified that those requirements have been met. *See* App. C (Order) at 1; *see also* 28 U.S.C. § 1292(b).

### A.    This Is a Controlling Question of Law

The question certified for appeal by the district court is a pure question of law that controls whether the district court has subject matter jurisdiction over this case. *See Meredith v. La. Fed. of Teachers*, 209 F.3d 398, 402 (5th Cir. 2000) ("We review *de novo* the legal question of subject matter jurisdiction."). If this

litigation is allowed to proceed in federal court, and an inevitable appeal determines that the court lacked subject matter jurisdiction, the litigation will be deemed a nullity. Such an unfortunate result would constitute an ***incredible*** waste of the parties' and the courts' resources.

Furthermore, district court opinions denying motions to remand are routinely certified for interlocutory appeals pursuant to 28 U.S.C. § 1292(b). *See, e.g., Ard v. Transcon. Gas Pipe Line Corp.*, 138 F.3d 596, 600 (5th Cir. 1998); *Louisiana v. Union Oil Co.*, 458 F.3d 364, 366 (5th Cir. 2006); *Rico v. Flores*, 481 F.3d 234, 238 (5th Cir. 2007); *see also* CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3740, at 12 (4th ed. 2010) ("A district court's denial of a remand motion . . . may be reviewed by interlocutory appeal if the refusal to remand is certified by the district court and accepted by the court of appeals under Section 1292(b) of Title 28.").

**B.    There Is Substantial Ground for Difference of Opinion**

There is a substantial ground for difference of opinion on this legal question.

Remarkably, even Su, who removed this case to federal court, cited *Choo* in

conceding that "the Fifth Circuit is *unlikely to find diversity jurisdiction* in cases

where a foreign-incorporated but locally run corporation [i.e., Vantage], on the

opposing side of an alien party [i.e., Su], seeks to invoke diversity jurisdiction."

*See* Dkt. No. 8 (Su's Am. Resp. to Mot. to Remand) at 3 (emphasis added).

In fact, Su's argument below had nothing to do with complete diversity,

which he appeared to concede was required.  *See* Dkt. No. 1 (Notice of Removal)

¶ 4.  Instead, Su argued that diversity jurisdiction exists here because the individual

alien, and not the dual citizen corporation, removed the case to federal court.  Of

course, that argument is meritless because, in examining whether subject matter

jurisdiction premised on diversity of citizenship exists, the question is whether "the

district court would have had original jurisdiction had the case been filed there."

*H&D Tire & Automotive-Hardware, Inc. v. Pitney*, 227 F.3d 326, 328 (5th Cir.

2000) (citing 28 U.S.C. § 1441(a)) ("[A]ny civil action brought in a State court of

which the district courts of the United States have original jurisdiction, may be

removed . . . to the district court of the United States . . . where such action is

pending.").    Thus, if Vantage could not have successfully invoked diversity

jurisdiction in this case—as Su himself conceded below[4]—then the case is plainly not removable to federal court by Su.  If the rule were otherwise, then parties could *create* federal subject matter jurisdiction by consent or waiver, which is certainly not the law.  *See Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) ("[S]ubject-matter jurisdiction cannot be created by waiver or consent."); *Coury*, 85 F.3d at 248 ("The parties can never consent to federal subject matter jurisdiction[.]").

As discussed above, controlling Fifth Circuit precedent required the district court to remand the case to state court.  Notably, the Fifth Circuit's approach to these issues is not unique; several courts of appeals have analyzed the same legal question given the exact same alignment of dual-citizen corporate plaintiffs and pure alien defendants.  Each court of appeals addressing the question has *rejected* diversity jurisdiction on this precise alignment of parties.  A chart below summarizes some of those cases:

---

[4] Specifically, Su conceded below that "the Fifth Circuit is unlikely to find diversity jurisdiction in cases where a foreign-incorporated but locally run corporation [i.e., Vantage], on the opposing side of an alien party [i.e., Su], *seeks to invoke* diversity jurisdiction." *See* Dkt. No. 8 (Su's Am. Resp. to Mot. to Remand) at 3 (emphasis added).  To Su, the difference here was that the "foreign-incorporated but locally-run corporation seeks to avoid federal court, and the truly foreign individual defendant seeks the Court's protection." *See id.*

| Case | "Dual Citizen" Corporate Plaintiffs | "Pure" Alien Defendants |
|---|---|---|
| *Peninsula Asset Mgmt. (Cayman) Ltd. v. Hankook Tire Co., Ltd.*, 509 F.3d 271, 272-73 (6th Cir. 2007) | Incorporated in Cayman Islands, principal place of business in U.S. | South Korean corporation and citizen |
| *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581-82 (2d Cir. 2002) | Incorporated in Korea, principal place of business in New Jersey | Italian citizens |
| *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 990-91 (9th Cir. 1994) | Incorporated in Bermuda, principal place of business in Oregon | Brazilian corporation |
| *Vantage v. Hsin-Chi-Su (a.k.a. Nobu Su)* | *Incorporated in the Cayman Islands, principal place of business in Texas* | *Taiwanese citizen* |

## C.    An Immediate Appeal Could Materially Advance the Ultimate Termination of the Litigation

The Court should resolve the controlling legal question here before the parties and the district court expend a massive amount of resources to litigate this case. There is no question this is a complex litigation. In addition to the hundreds of millions of dollars at stake, the parties have already identified, at this early stage, 27 witnesses for depositions, 15 of whom reside outside of the United States in locations as diverse as Argentina, Singapore, and Norway. *See* Dkt. Nos. 33, 34. Document discovery is also likely to be extensive. The parties have already identified 40 categories of documents spanning at least 5 complex transactions involving the acquisition, development, and operation of numerous offshore

17

drillships and jackup rigs worth, collectively, several *billion* dollars. *See* Dkt. Nos. 40, 41. The events in question in this case span several years, from 2007 through 2012. The waste that would result from relitigating this case is immense and can be avoided by interlocutory appellate review of this threshold legal question, which has already been certified for review by the district court.

## CONCLUSION

For these reasons, Petitioner respectfully requests that the Court grant it permission to appeal, reverse the ruling of the district court, and remand this proceeding to state court.

Dated: May 31, 2013

Respectfully Submitted,

GIBBS & BRUNS, L.L.P.

By: _____
Robin C. Gibbs
David Sheeren
1100 Louisiana
Suite 5300
Houston, Texas 77002
Telephone: 713-650-8805
Facsimile: 713-750-0903

*Counsel for Petitioner Vantage
Drilling Company*

18

**OF COUNSEL:**

Richard W. Mithoff
Sherie P. Beckman
Warner V. Hocker
**MITHOFF LAW FIRM**
500 Dallas Street
One Allen Center
Suite 3450
Houston, TX 77002
Telephone: 713-654-1122
Facsimile: 713-739-8085

Vidal G. Martinez
**MARTINEZ PARTNERS LLP**
One Riverway
Suite 1700
Houston, Texas 77056
Telephone: 713-300-3850
Facsimile: 713-513-5546

Julian J. Fertitta, III
**GRIMES & FERTITTA, P.C.**
440 Louisiana
Suite 1818
Houston, Texas  77002
Telephone: 713-224-7644
Facsimile: 713-224-0733

# CERTIFICATE OF SERVICE

The undersigned counsel of record for Petitioner Vantage Drilling Company hereby certifies that the original and three true and correct copies of the foregoing were filed with the Clerk on May 31, 2013. Copies of the foregoing have been served on all counsel of record via hand delivery to the address listed below:

Mark D. Manela
Jessica L. Crutcher
Quinncy McNeal
MAYER BROWN LLP
700 Louisiana, Ste. 3400
Houston, Texas 77002
Telephone: (713)238-3000
*Counsel for Respondent Hsin-Chi-Su (a.k.a. Nobu Su)*

Jeffrey L. Oldham
Bracewell & Giuliani
711 Louisiana Street
Suite 2300, Pennzoil Place – South Tower
Houston, TX 77002
Telephone: (713)223-2300
*Counsel for Respondent Hsin-Chi-Su (a.k.a. Nobu Su)*

_____
Robin C. Gibbs

*Counsel for Petitioner Vantage*
*Drilling Company*

20

# CERTIFICATE OF COMPLIANCE

The undersigned counsel of record for Petitioner Vantage Drilling Company hereby certifies:

1.     This brief complies with the page limitation of FED. R. APP. P. 5(c) because it contains is 17 pages, excluding the parts of the brief exempted by FED. R. APP. P. 5(c).

2.     This brief complies with the typeface requirements of FED. R. APP. P. 27(d) and 32(a)(5) and the typestyle requirements of FED. R. APP. P. 27(d) and 32(a)(6) because it has been prepared in a proportionally spaced typeface, using Microsoft Office Word 2007, in 14-point Times New Roman font for text and 12-point Times New Roman font for footnotes.

Dated: May 31, 2013

Robin C. Gibbs

*Counsel for Petitioner Vantage Drilling Company*

# EXHIBIT A

UNITED STATES DISTRICT COURT                SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Vantage Drilling Company, | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-12-3131 |
| | § | |
| Hsin-Chi-Su, | § | |
| Defendant. | § | |

## Opinion on Remand

1.   Vantage Drilling Company is chartered in the Cayman Islands and principally operates in Texas. Vantage sued Hsin-Chi-Su in a Texas district court, and Su removed it because he is a Taiwanese citizen. Vantage seeks to remand it because both parties are foreign. It will remain in federal court.

2.   Courts have often remanded these cases when both sides reside out of the forum.[1] In this case, the lack of complete diversity is not between the plaintiff and the defendant; rather, it is an absence of diversity between the defendant and one aspect of the single plaintiff with dual citizenship. This arises because, like people, a corporation may have dual citizenship — one derived from its principal operations and another from its charter.[2] This corporation has chosen among its persons to use its foreign persons to dispute complete diversity.

---

[1] Corporation Venezolana de Fomento v. Vintero Sales Corporation, 629 F.2d 786, 790 (2nd Cir. 1980).

[2] 28 U.S.C. § 1332(c)(1) (2012) (corporations are citizens of principal place of business and state of incorporation).

3.   Within potential federal jurisdiction, the Founders included suits between parties from different states – other American states and foreign countries.[3]  The national courts have jurisdiction over diverse parties to "guard against fraudulent laws and local prejudices."[4] Given the statute's purpose, a plaintiff with local business but with a foreign charter should not be able to bar foreign defendants from a national forum. The locality that supplies the potential parochialism is more substantial than one party's own choice between its aspects. One of those aspects – its physical presence – is cogent to its domesticity when the other party is wholly foreign.

4.   Vantage has a corporate charter from the government of the Cayman Islands. It has no employees or operations there. Its headquarters and primary operations are in Texas. Vantage hires local workers, buys local supplies, rents local buildings, donates to local charities, and serves local customers; it is fully Texan and may be favored in local courts when it is opposed by an Asian.

5.   In a case from 1806, each side had several people. All of them, except one defendant, were citizens of Massachusetts. That one defendant, Curtiss, was a citizen of Vermont, and he removed the case. For the court, Chief Justice John Marshall held that federal jurisdiction required parties to be completely diverse. The court reasoned that the local presence on both sides muted the risk of provincialism.[5] One side needed to be entirely foreign. By contrast, Vantage and Su are each singular.

6.   Three years later, the Supreme Court said a corporation could sue or be sued under diversity of citizenship only if none of its shareholders were citizens of the same state

---

[3] U.S. Const. art. III, § 2.

[4] Bank of the United States v. Deveaux, 9 U.S. (5 Cranch) 61, 67 (1809) (Marshall, C.J.). See also Jerguson v. Blue Dot Investment, Inc., 659 F.2d 31, 33 (5th Cir. 1981) (diversity jurisdiction supplies "a separate forum for truly foreign parties to avoid the potential of local prejudice").

[5] Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267 (1806).

as the adverse party.[6] This ruling was well before the economic and legal development of the limited-liability corporation,[7] and the Supreme Court reversed itself in 1844.[8] Justice James Wayne -- in dictum -- said that Marshall "expressed regret" about his decision. In discussing the statute, Erwin Chemerinsky has similarly noted that "nothing in its language or history supports the requirement for complete diversity."[9]

7.  In 1958, Congress adjusted corporate citizenship for the determination of diversity. The new statute made corporations citizens of the state both where they (a) incorporate and (b) primarily operate. That law does not mandate complete diversity. Section 1332(a)(2) says that federal courts have jurisdiction over civil actions between "citizens of a State and citizens or subjects of a foreign state." It does not say, "citizens of a State [who are also not citizens of a foreign state] and citizens or subjects of a foreign state."

8.  The statute was provoked because the "fiction of stamping a corporation a citizen of the state of its incorporation has given rise to the evil whereby a local institution, engaged in a local business and in many cases locally owned, is enabled to bring its litigation into the federal courts simply because it has obtained a corporate charter from another state."[10] Vantage perpetuates the fiction in reverse by relying on its foreign charter to avoid a national court despite the predominant reality of its existence.

9.  As citizens, corporations should be analyzed in parallel with an American person who has dual citizenship when he sues a foreigner. The human double-citizen may not always block removal by claiming only his foreign aspect. Removal is proper if the dual

---

[6] Deveaux, 9 U.S. (5 Cranch) at 92.

[7] John Micklethwait and Adrian Woolridge, The Company 45-46 (2003).

[8] Louisville, Cincinnati & Charleston R. Co. v. Letson, 43 U.S. 497 (1844).

[9] Erwin Chemerinsky, Federal Jurisdiction 303 (5th Ed. 2007).

[10] S. Rep. 85-1830, at 2-4 (1958), reprinted in 1958 U.S.C.C.A.N. 3099.

national's dominant nationality is American irrespective of its other affiliations."[11] If the plaintiff with dual nationality is domiciled in the United States, for instance, a national forum may be invoked by an adverse outsider. Dormant foreign citizenship does not represent the same practical risk of an inhospitable forum as the active foreigner faces.

10. A corporation's charter – like a person's dual nationality – is often disconnected from practical identity. When John Marshall first said jurisdiction requires complete diversity, he was not writing about corporations with dual citizenship. Even if he had, before 1900, charters to operate a limited-liability company were issued by legislative act – commonly for monopolies. As applied to modern companies that incorporate freely, an inconsistent, illogical interpretation of diversity allows domestic companies to deprive foreigners of the protections of a national forum, frustrating this purpose of the Constitution for equal justice under law.

11. Corporate citizens should be subject to the same test as human citizens. Because Su as a fully foreign party may face parochialism, Vantage as a local presence is obliged to litigate in this national forum. Vantage's motion to remand is denied.

Signed on April 3, 2013, at Houston, Texas.

Lynn N. Hughes
United States District Judge

---

[11] Coury v. Prot, 85 F.3d 244, 250 (5th Cir. 1996); Buchel-Ruegsegger v. Buchel, 576 F.3d 451, 454 (7th Cir. 2009).

# EXHIBIT B

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

---

No. 13-90028

---

VANTAGE DRILLING COMPANY,

> Plaintiff–Petitioner,

v.

HSIN-CHI SU, also known as Nobu Su,

> Defendant–Respondent.

---

Motion for Leave to Appeal
from an Interlocutory Order

---

Before HIGGINBOTHAM, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:

Plaintiff–Petitioner Vantage Drilling Company (Vantage) petitions this court for leave to appeal under 28 U.S.C. § 1292(b) the district court's denial of its motion to remand the case to Texas state court. The district court entered an order stating only that Vantage "may appeal the court's order denying remand" without any mention of § 1292(b) or the requirements for certification contained therein.[1] Under our precedent, such a certification order does not provide the

---

[1] Section 1292(b) provides, in pertinent part, as follows:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may

No. 13-90028

information or findings contemplated by § 1292(b).[2]   Accordingly, IT IS ORDERED that leave to appeal from the interlocutory order of the United States District Court of the Southern District of Texas, Houston, entered on April 8, 2013, is DENIED.

---

materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

   [2] *Linton v. Shell Oil Co.*, 563 F.3d 556, 557-58 (5th Cir. 2009) (per curiam); *United States v. Moats*, 961 F.2d 1198, 1201 & n.8 (5th Cir. 1992); *Assoc. of Co-Operative Members, Inc. v. Farmland Indus., Inc.*, 684 F.2d 1134, 1137 n.8 (5th Cir. 1982).

# EXHIBIT C

UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Vantage Drilling Company, | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| *versus* | § | Civil Action H-12-3131 |
| | § | |
| Hsin-Chi-Su, | § | |
| | § | |
| Defendant. | § | |

## Amended Order Certifying Interlocutory Appeal

1.  When a district court certifies a case for interlocutory appeal, it has necessarily concluded that the underlying criteria for the certification have been met. If the court did not think that this case met those criteria, it would not have certified the appeal.

2.  Reciting the statute is not an exercise of judgment. Jurisdiction is an issue that controls in all cases. Interpretation of diversity jurisdiction under these facts is important and unclear.

3.  Vantage Drilling Company may appeal the court's order denying remand. (54)

Signed on May 22, 2013, at Houston, Texas.

Lynn N. Hughes
United States District Judge